UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-62685-CIV-ALTONAGA

JOHN DOE, on behalf of himself and all others similarly situated,

Plaintiffs,

vs.

COVENTRY HEALTH CARE, INC., COVENTRY HEALTH AND LIFE INSURANCE COMPANY; COVENTRY HEALTH PLAN OF FLORIDA, INC.; COVENTRY HEALTH CARE OF FLORIDA, INC.; AETNA INC., AETNA LIFE INSURANCE CO., and DOES 1-10, inclusive,

Defendants.
_______________________________________/

## QUALIFIED PROTECTIVE ORDER

THIS CAUSE, having come before the Court upon Plaintiff, John Doe, and Defendants, Coventry Health Care, Inc.; Coventry Health and Life Insurance Company; Coventry Health Plan of Florida, Inc.; Coventry Health Care of Florida, Inc.; Aetna Inc.; and Aetna Life Insurance Co.'s Joint Motion for Qualified Protective Order, it is hereby ORDERED AND ADJUDGED as follows:

1. The Parties' Joint Motion for a Qualified Protective [DE 70], is GRANTED. In accordance with the requirements of the regulations promulgated under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), specifically 45 C.F.R. §§164.512(e)(1)(ii)(B) and (v), the Court hereby institutes a Qualified Protective Order, as that term is defined in HIPAA regulations.

2. The current parties (and their attorneys) and any future parties (and their attorneys) to the above-captioned litigation are hereby authorized through discovery to receive, subpoena and transmit "protected health information" ("PHI") pertaining to the individuals whose health benefits are at issue in this action (the "Individuals") to the extent that such information is otherwise discoverable and not objectionable or otherwise protected, subject to all conditions outlined herein.

3. For the purposes of this Order, PHI shall have the same scope and definition as set forth in 45 C.F.R. § 160.103. Without limiting the generality of the foregoing, PHI refers to individually identifiable health information, including demographic information, collected from an individual, that: (1) is created or received by a health care provider, health plan, employer, or health care clearinghouse; and (2) relates to the past, present or future physical or mental health or condition of an individual, or the past, present or future payment for the provision of health care to an individual, and (i) that identifies the individual, or (ii) with respect to which there is a reasonable basis to believe the information can be used to identify the individual.

4. This Order is not an authorization to obtain records. All parties must fully comply with all applicable discovery rules, statutes and precedent. Upon such compliance, all "covered entities" (as defined by 45 C.F.R. § 160.103) are hereby authorized to disclose PHI pertaining to the Individuals, to the attorneys for the parties now of record in this litigation or who may become of record in the future in this litigation.

5. The parties and their attorneys shall be permitted to use and disclose PHI pertaining to the Individuals solely for the matters reasonably connected with this litigation. Permitted disclosures may be made in this litigation to: (a) the Court and its support staff; (b) court or deposition reporters; (c) counsel of record in this litigation; (d) shareholders, partners,

associates, secretaries, paralegal assistants, and employees of counsel of record, to the extent reasonably necessary to render professional services in this litigation; (e) named parties and their corporate affiliates, officers, directors, employers, employees or agents, to the extent reasonably necessary to render professional services in this litigation; (f) witnesses, experts and consultants; (g) employees of third-party contractors providing litigation support services; and (h) jurors if applicable. The recipients of PHI pertaining to the Individuals shall maintain it as confidential and are prohibited from using or disclosing it for any purpose other than in this litigation.

With respect to items (f) and (g) above, any witness who is not an officer, director, or employee of any of the parties to this litigation, any expert, consultant, or employee of any such expert or consultant, and any employee of a third-party contractor providing litigation support services, who is to be provided or shown PHI in the course of this litigation, must first receive a copy of this Order and execute a copy of the Affidavit attached hereto as **Exhibit A**. With respect to item (h) above, all Individuals' names shall first be redacted from any and all documents to be disclosed to any jurors.

6. PHI pertaining to the Individuals shall not be contained, referenced within or annexed to a pleading, motion, exhibit, or other paper submitted to the Court, unless the paper is redacted to exclude any personally identifying information, the Court authorizes it to be filed under seal, the parties agree in writing, or the Court otherwise orders.

7. At the conclusion of this litigation as to any party (which shall be defined as the point at which final orders disposing of the entire case as to that particular party have been entered, or the time at which all trial and appellate proceedings have been exhausted as to any party), that party and any person or entity in possession of PHI pertaining to the Individuals received pursuant to this Order shall destroy any and all copies of the PHI pertaining to said

Individuals or return that information to the covered entity that provided the information; provided, however, that counsel of record for each party may retain one set of pleadings, documents filed with the Court, depositions, and discovery responses, and may retain any documents and copies thereof which are work product, said materials to remain subject to this Order.

8. Nothing contained in this Order authorizes counsel to obtain medical records or information through means other than Rule 26 disclosures, formal discovery requests, subpoenas, depositions, individual authorizations or attorney-client communications. Moreover, the parties may seek additional protection from the disclosure and use of any documents and information for which they believe this Order does not provide adequate protection or with respect to documents and information which they believe are not subject to disclosure pursuant to applicable statutes, rules, regulations or other applicable law.

DONE AND ORDERED in Chambers at Miami-Dade County, Florida this 17th day of June, 2016.

Chris McAliley

~~Cecilia M. Altonaga~~ CHRIS MCALILEY
United States ~~District~~ Magistrate Judge

Copies furnished to: Honorable Cecilia M. Altonaga
All counsel of record

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-62685-CIV-ALTONAGA

JOHN DOE, on behalf of himself and all
Others similarly situated,

Plaintiffs,

vs.

COVENTRY HEALTH CARE, INC.,
COVENTRY HEALTH AND LIFE
INSURANCE COMPANY; COVENTRY
HEALTH PLAN OF FLORIDA, INC.;
COVENTRY HEALTH CARE OF
FLORIDA, INC.; and DOES 1-10,
Inclusive,

Defendants.
______________________________________/

**AFFIDAVIT**

This is to certify that the undersigned has read and is fully familiar with the provisions of the Qualified Protective Order ("Order") entered on ____________________ in the above-captioned litigation. As a condition precedent to my receipt and examination of Protected Health Information disclosed pursuant to the Order, or my obtaining any information derived from Protected Health Information, I hereby agree that the Order shall be deemed to be directed to and shall include me, and that I shall be bound by, observe, and comply with the provisions of the

Order. I further agree that I shall be subject to the Court's enforcement and jurisdiction for any violation or attempted violation of the provisions of the Order.

________________________
Name (Signature)

________________________
Name (Printed)

________________________
Relationship to or interest in this Litigation

Dated: __________________

SUBSCRIBED AND SWORN
BEFORE ME THIS ______ DAY OF
__________________, 2016.

____________________________
Notary Public