**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 15-62685-CIV-ALTONAGA**

**JOHN DOE**, on behalf of himself and
all others similarly situated,

Plaintiffs,

vs.

**COVENTRY HEALTH CARE, INC.**, **COVENTRY HEALTH AND LIFE INSURANCE COMPANY**, **COVENTRY HEALTH PLAN OF FLORIDA, INC.**, **COVENTRY HEALTH CARE OF FLORIDA, INC.**, **AETNA INC.**, **AETNA LIFE INSURANCE CO.**, and **DOES 3-10**, inclusive,

Defendants.
_________________________________________/

**CONFIDENTIALITY ORDER**

THIS CAUSE is before the Court upon Plaintiff, John Doe, and Defendants, Coventry Health Care, Inc.; Coventry Health and Life Insurance Company; Coventry Health Plan of Florida, Inc.; Coventry Health Care of Florida, Inc.; Aetna Inc.; and Aetna Life Insurance Co.'s Joint Motion for a Confidentiality Order [ECF No. 69]. Being fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Motion is **GRANTED** as follows:

1. Definition of "Confidential Information". "Confidential Information" is defined as follows: information (regardless of form) produced or furnished by a party or non-party in response to any party's discovery request or inquiry, formal or informal, which the designating party reasonably believes in good faith to constitute or contain information that is of the type referred to in Rule 26(c) of the Federal Rules of Civil Procedure, which, for the purpose of this

Order, may include trade secrets; customer lists or information; sensitive business or financial information; confidential research, development or commercial information or projections; confidential cost, revenues, pricing, sales, market, marketing, or production data; confidential or private personal information; or any information that a party is obligated to preserve as confidential. Confidential Information does not include information that has been disclosed in the public domain.

2. Application of Order. This Order governs the handling of all Confidential Information, including documents, testimony, and other information (and including all copies, excerpts, and summaries thereof) produced, given or filed during discovery and other proceedings in this action. The provisions of this Order shall apply to the parties to this action, and any subsequently joined parties or other persons producing or disclosing Confidential Information in this action.

3. Designation of Confidential Information. Confidential Information, as the term is defined in Paragraph 1, may be designated as such by a party in writing, or orally if recorded as part of a deposition or court proceeding. Any party or person that produces or gives Confidential Information may designate information as Confidential Information if the attorney for the producing party or person in good faith determines that the information meets the definition stated in Paragraph 1. This Order does not confer blanket protections on all disclosures or responses to discovery and the protections it does afford extend only to information that is entitled to being treated as confidential under applicable legal principles.

(a) Designation of Documents. Documents may be designated as Confidential Information by stamping "Confidential" on each page prior to production. Information that is

designated "Confidential" shall be used solely for the purposes set forth in Paragraph 4 below and shall be disclosed to only those persons set forth in Paragraph 5 below.

(b) Designation of Deposition Testimony. Deposition testimony may be designated, in whole or in part, as Confidential Information by either (i) oral designation on the record during the course of the deposition, or (ii) in writing served upon counsel for all parties by noting the page and line numbers designated within twenty-one (21) days after the designating party receives a copy of the final deposition transcript. If deposition testimony is designated as Confidential Information, the court reporter shall note in the record the lines in the transcript that have been designated "Confidential" stamp the words "Confidential" on each page containing such designations. The cover page of a deposition transcript containing any designated portions shall also indicate that it contains portions of testimony subject to this Order. During the time period between the deposition testimony and the deadline to designate such testimony as Confidential Information, the deposition testimony in its entirety shall be designated and treated as Confidential Information.

(c) Inadvertent Failure to Designate. The inadvertent failure to designate qualified information as Confidential Information does not, standing alone, waive the designating party's right to secure protection under this Order for such information. If material is appropriately designated as Confidential Information after the material was initially produced, the party receiving the information, upon timely written notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with this Order. Where a party or third party changes the designation of confidentiality under this Order, that party or third party shall promptly furnish the information re-designated in accordance with this Paragraph 3. If, prior to receiving notice of a change in designation from non-confidential to

confidential, a receiving party discloses such information, that party shall not be penalized in any manner.

Similarly, an inadvertent disclosure of information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable law, privilege, or immunity does not, standing alone, waive the privilege or protection over that information. Federal Rule of Evidence 502 shall govern all limitations on waiver of attorney-client privilege and work product. The parties shall act in accordance with Federal Rule of Civil Procedure 26(b)(5)(B) should a producing party assert that privileged or otherwise protected information has been inadvertently produced.

4. Use of Confidential Information. All Confidential Information that is produced or provided by a party or third party shall be used only for the purpose of preparing for and conducting the above captioned litigation (including any appeals) and not for any business, other litigation or action, or any other purpose. For that purpose only, counsel for the parties may disclose such information to: (a) the Court and its support staff; (b) court or deposition reporters and videographers providing services in this litigation; (c) counsel of record in this litigation; (d) shareholders, partners, associates, secretaries, paralegal assistants, and employees of counsel of record, to the extent reasonably necessary to render professional services in this litigation; (e) named parties and their corporate affiliates, officers, directors, employers, employees, or agents, to the extent reasonably necessary to render professional services in this litigation; (f) persons with prior knowledge of the Confidential Information; and (g) jurors. In addition, for the purpose of litigating this action, Confidential Information may be disclosed to (a) outside experts or consultants retained for the purpose of assisting counsel for the parties in the litigation; (b) employees of third-party contractors providing litigation support services; (c) witnesses; and (d)

any other persons as to whom the producing party agrees in writing, provided, however, that in all such cases the individual to whom disclosure is to be made has signed a confidentiality agreement, substantially in the form of **Exhibit A** hereto, containing the recital that the signatory has read and understands this Order and agrees to be bound by its terms, which agreement shall be retained by counsel of record for the party making the disclosure and shall not be discoverable.

Depositions. Nothing contained in this Order shall prevent the use of Confidential Information, as defined herein, at depositions, with appropriate safeguards. In particular, unless otherwise agreed by the parties, a deponent who is not a party or a present officer, director, employee, or representative of a party shall not be examined about Confidential Information and shall not have Confidential Information revealed to him or her unless he or she has been provided with a copy of this Order and has read and signed a confidentiality agreement in the form of **Exhibit A**. Persons in attendance at depositions, other than those listed in Paragraph 4, may be limited at the request of a party during the disclosure of Confidential Information.

5. Filing of Confidential Information. All portions of any pleadings, motions, briefs, memoranda, or other documents filed with the Court purporting to reproduce, summarize or paraphrase Confidential Information shall be filed under seal and in accordance with local rules, or submitted to the Court in such other manner as the parties may agree in writing or the Court may order. A copy of the pleading, motion, brief, memorandum, or other document, as the case may be, shall be filed in the public record with the confidential material redacted and the non-redacted material filed under seal. If a party who originally designated information as Confidential Information makes use of such information in a pleading, motion, brief, memorandum or other document filed with the Court without following the provisions of this

Paragraph, the confidentiality protection for that document or information that was originally designated as "Confidential" shall be deemed waived by the party, but the waiver extends to that information only.

6. Use of Confidential Information in Court. Any Court hearing which refers to or describes information designated as "Confidential" shall in the Court's discretion be *in camera*.

7. Portions of the Record to Remain Under Seal. Any document or transcript designated as "Confidential" shall be filed with the Court under seal and be made available only to the Court and to counsel for the parties. Any counsel shall file a motion to seal pursuant to Rule 5.4(b) of the Local Rules for the Southern District of Florida when filing materials designated "Confidential." Before filing any motion to seal, the parties shall meet and confer regarding the length of time to propose to the court that the materials designated "Confidential" are to remain under seal. During this meet and confer, if either party requests that the documents remain permanently sealed, the motion shall request that the documents be permanently sealed pursuant to Local Rule 5.4(b). The length of time the designated "Confidential" materials shall remain under seal and whether they will be permanently sealed will, pursuant to Local Rule 5.4(b), ultimately be determined by the Court..

8. Duty of Good Faith. Each party or non-party that designates information or items for protection under this Order must act in good faith to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited. If it comes to a party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that party or non-party must promptly notify all other parties that it is withdrawing the incorrect designation.

9. Objections to Designation of Confidential Information. Whenever a party objects to the treatment of material as Confidential Information, it shall inform the designating party in writing of the party's objection. The parties shall meet and confer in good faith to attempt to resolve the dispute. If the parties are unable to resolve the dispute, the producing party must comply with the discovery procedures contained in the Order Setting Trial . . . [ECF No. 35] within 30 days of the meet and confer for a ruling that the document or transcript shall be treated as "Confidential." Upon such an application, the party asserting confidentiality bears the burden to establish the same. After the request for a hearing before Magistrate Judge Chris McAliley and until the Court enters an order, if any, on the material's confidentiality status, the material shall continue to be afforded the "Confidential" treatment described in Paragraph 5 herein.

10. Advance Notification of Potential Third Party Disclosures. If any person receiving Confidential Information covered by this Order (a) is subpoenaed in another action or proceeding, (b) is served with a demand in another action or proceeding to which (s)he or it is a party or is otherwise involved, or (c) is served with any other process by one not a party to this litigation, seeking material designated as Confidential Information by another party, the receiving party shall give written notice to the party that designated the material as Confidential Information. The receiving party shall not produce any of the Confidential Information for a period of at least ten (10) days, or within such lesser time period as ordered by a court, after providing the required notice to the designating party. If, within that period, the designating party gives notice to the receiving party that the designating party opposes production, the receiving party shall not thereafter produce such Confidential Information until such time that the designating party has had the opportunity to obtain a protective order, but shall not be required to

withhold production for longer than 60 days. The designating party shall be solely responsible for asserting any objection to the requested production.

11. Unauthorized Disclosure of Confidential Information. If a party receiving Confidential Information learns that, by inadvertence or otherwise, (s)he or it has disclosed that Confidential Information to any person or in any way not authorized under this Order, that party shall immediately: (a) notify the designating party in writing of the unauthorized disclosure; (b) use their best efforts to retrieve all copies of the disclosed Confidential Information; and (c) inform the person(s) to whom unauthorized disclosure was made of all of the terms of this Order.

12. Disposition of Confidential Information at Conclusion of Litigation.

Within sixty (60) days of the entry of a Judgment or Order terminating this action, including all appeals, and unless the parties agree otherwise, each party shall:

> assemble and either turn over to counsel for the producing party or destroy all documents designated as Confidential Information produced by that party, all copies thereof, provided, however, that counsel of record for each party may retain one set of pleadings, documents filed with the Court, depositions, and discovery responses, and may retain any documents and copies thereof which are work product. Said materials are to remain subject to this Order unless such materials have been ordered unsealed by the Court and filed in the public record.

13. No Application to Evidentiary Issues. This Order does not apply to the offer of or admission into evidence of Confidential Information at trial, nor does it apply for any other purpose under the Federal Rules of Evidence. Such evidentiary issues may be raised as a separate matter upon the motion of any party at the time of trial.

14. Modification of Order. This Order may be amended by the written agreement of counsel for the parties in the form of a stipulation subject to approval by the Court. Nothing in this Order shall prevent any party from seeking modification of this Order by the Court or from

compelling or objecting to discovery that it believes to be otherwise improper for any reason cognizable under the Federal Rules of Civil Procedure or Evidence.

**DONE AND ORDERED** in Chambers at Miami, Florida this 20th day of June, 2016.

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT COURT**

cc: counsel of record

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-62685-CIV-ALTONAGA

JOHN DOE, on behalf of himself and all
others similarly situated,

Plaintiffs,

vs.

COVENTRY HEALTH CARE, INC.,
et al.

Defendants.

_____________________________________/

**CONFIDENTIALITY AGREEMENT**

I, _____________, am authorized by ________________ [party name] to review Confidential Information as that term is used in the Confidentiality Order dated _______________, 2016, and hereby request access to that Confidential Information for use in this litigation. I have been provided with a copy of the Confidentiality Order dated ____________, 2016 in the above-captioned proceeding. I have read that Order and hereby agree to be bound by all of the limitations regarding disclosure of Confidential Information contained in that Order. I understand that failure to comply with the terms of that Order may be punishable by contempt of court and may result in civil liability to any party or person damaged thereby.

I consent to the United States District Court for the Southern District of Florida exercising jurisdiction over me for the purpose of enforcing that Order or for any contempt proceedings against me arising out of my failure to comply with the terms of that Order.

Dated: _______________, 2016.

_____________________________
Signature

_____________________________
Date